

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-7-2007

# Mangan v. Brierre

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1817

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Mangan v. Brierre" (2007). *2007 Decisions.* Paper 116.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/116

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 07-1817

———————————

PATRICK J. MANGAN,

Appellant

v.

PAUL R. BRIERRE; SEAN L. ROBBINS;
EDWARD WERKHEISER; DEAN J. FISHER;
WILLIAM F. MCDONNELL; ANTHONY MALINOWSKI;
STEVEN P. FREI; JUDITH B. FREI

———————————————————————

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 06-cv-03204)
District Judge: Honorable Juan R. Sanchez

———————————————————————

Submitted Under Third Circuit LAR 34.1(a)
November 26, 2007

Before: MCKEE, SMITH and CHAGARES, <u>Circuit Judges</u>

(Filed: December 7, 2007)
———————

OPINION
———————

PER CURIAM

     Patrick J. Mangan, the former owner of a dairy farm located in Northampton

County, Pennsylvania, filed a civil rights suit seeking to challenge the defendants'

enforcement of Pennsylvania's Hazardous Site Cleanup Act, 35 Pa. Cons. Stat. Ann. § 6020.101, et seq., ("HSCA"). He sued five employees of the Pennsylvania Department of Environmental Protection ("DEP"), DEP counsel Brierre, DEP counsel Robbins, Solid Waste Specialists Edward Werkheiser and Dean Fisher, and Regional Director William McDonnell (the "DEP defendants"). He also sued Anthony Malinowski, a bona fide purchaser who bought the farmland at a tax sale after Mangan defaulted on his real estate taxes.[1]

Mangan claims that the defendants wrongfully investigated the use on his land of certain pesticides banned as hazardous by the U.S. Environmental Protection Agency ("EPA"). According to him, Defendant Fisher's warrantless search and seizure on July 15, 1998, and Defendant McDonnell's subsequent administrative order directing entry onto the land violated the Fourth Amendment. He asserts that Defendants Brierre and Robbins violated his right to just compensation under the Fifth Amendment's Takings Clause and his right to procedural due process by filing a "false, fraudulent, and illegal" *lis pendens* notice that prevented him from selling the land. He also claims that the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), 7 U.S.C. § 136v(b), preempted the HSCA action to recover the costs of cleanup and that the DEP defendants filed the HSCA complaint in the wrong Pennsylvania court. He alleges that the

---

[1] The lawsuit also names Steven P. and Judith B. Frei, bona fide purchasers of a parcel of land owned by Malinowski, who sold it to them about a week before he bought Mangan's land at a tax sale. By written stipulation, Mangan dismissed with prejudice all claims against the Freis.

defendants violated his equal protection rights and conspired against him. Mangan seeks compensatory and punitive damages and an order directing Malinowski to convey the dairy farm back to Mangan.

The DEP defendants and Malinowski filed separate motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b), to which Mangan responded. In an order entered on February 9, 2007, the District Court granted the DEP defendants' motion and dismissed with prejudice the complaint against them for failure to state a claim. Mangan filed a motion to amend or vacate that order. In an order entered on February 28, 2007, the District Court granted Malinowski's Rule 12(b)(6) motion, dismissed the complaint with prejudice and denied Mangan's motion to amend or vacate the February 9 order. Mangan filed a timely appeal.

We have jurisdiction under 28 U.S.C. § 1291. The District Court ruled that res judicata, or claim preclusion, barred most of Mangan's claims and, in the alternative, the claims were not cognizable or failed to state a constitutional claim, or the defendants were immune from suit. With the exception of Mangan's Fourth Amendment claim against Defendant Fisher, we will affirm on the alternate grounds articulated by the District Court, for substantially the same reasons set forth in the District Court's memorandum opinion.

To bring an action under 42 U.S.C. § 1983, a plaintiff must establish (1) the deprivation of a constitutional right, and (2) that the conduct which allegedly caused the deprivation is attributable to state action. Lugar v. Edmondson Oil Co., Inc., 457 U.S.

3

922, 936-38 (1982). Mangan's claim against Malinowski was properly dismissed because Malinowski, the bona fide purchaser, did not act under color of state law; he is not a state actor.

Mangan's claim of a civil rights conspiracy among the DEP defendants and Malinowski is far too attenuated to make out a claim under 42 U.S.C. § 1985(3). This provision reaches private actors, but Mangan merely asserts that Malinowski is a speculator in land who contacted the DEP and Mangan's mortgage holder before he bought the farmland and that he made a great profit from selling it. It cannot reasonably be conceived from these allegations that Mangan could, upon a trial, establish that Malinowski conspired with the DEP defendants to deprive him of his civil rights by Malinowski's bona fide purchase of a parcel of Mangan's farm at a tax sale. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007).

The action against the DEP defendants in their official capacities is barred by the Eleventh Amendment. See Callahan v. City of Philadelphia, 207 F.3d 668 (3d Cir. 2000). The Commonwealth of Pennsylvania has not consented to suit in federal court. 42 Pa. Cons. Stat. Ann. § 8521(b) (West 1998). The action also cannot be maintained because these defendants, in their official capacities, are not "persons" within the meaning of 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). As for the DEP defendants in their individual capacities, we agree with the District Court that defendant McDonnell enjoys absolute quasi-judicial immunity for issuing an Administrative Order in September 1998, pursuant to the HSCA, § 6020.501. See Light

4

v. Haws, 472 F.3d 74 (3d Cir. 2007). DEP counsel, defendants Brierre and Robbins, also enjoy absolute immunity from suit for filing and pursuing an action to recover the cost of cleanup pursuant to the HSCA. Id. at 78.

Mangan's claim against Werkheiser,[2] his FIFRA preemption claim, and his claim that the HSCA action was brought in the wrong state court, do not raise cognizable constitutional claims. Nor does Mangan state a claim upon which relief may be granted under the Equal Protection Clause as the amended complaint is completely devoid of any allegation or inference that he was treated differently from others similarly situated. Thus, the District Court properly dismissed these claims pursuant to Rule 12(b)(6).

Mangan's Fifth Amendment and Procedural Due Process allegation regarding the praecipe for *lis pendens* also fails to state a claim. The government's action is a "taking" under the Fifth Amendment only when it results in the total destruction of the value of a property. Armstrong v. United States, 364 U.S. 40, 49 (1960). A notice of *lis pendens* may impair the market value of real property but does not cause the total destruction of the property's value because it does not foreclose all economically viable uses of the land. See Kirby Forest Industries, Inc. v. United States, 467 U.S. 1, 15 (1984) (holding that "[a]t least in the absence of an interference with an owner's legal right to dispose of his

---

[2] Mangan states in his Reply Brief that he accepted Werkheiser's offer to purchase his property but that the deal fell through when the DEP filed the notice of *lis pendens*. See Reply at 16-17. Assuming arguendo the truth of these new facts, the allegation that Werkheiser used his position at the DEP to purchase the land for himself, although not laudable, fails to state a constitutional claim.

land, even a substantial reduction of the attractiveness of the property to potential purchasers does not entitle the owner to compensation under the Fifth Amendment"). Thus, Mangan's substantive due process claim against the DEP defendants under the Fifth Amendment Takings Clause was properly dismissed with prejudice. The filing of the praecipe for *lis pendens* did not violate Mangan's procedural due process rights. Mangan received notice of a potential claim through the filing of the *lis pendens*. Mangan received all of the process he was due in the subsequent HSCA proceedings.

That leaves the Fourth Amendment claim against DEP defendant Fisher. Mangan alleges that "[o]n July 15, 1998, Defendant Fisher without a warrant or probable cause surreptitiously entered upon Plaintiff's farm without Plaintiff's knowledge or consent, conducted an illegal search and seizure, and removed a fertilizer bag and two samples of fertilizer from Plaintiff's farm." Amended Complaint, ¶13. The defendants duly note that, in granting Fisher qualified immunity, the District Court mistakenly found that Fisher had conducted his search and seizure pursuant to a warrant. We need not decide whether the District Court erred in granting Fisher qualified immunity because we conclude that the Fourth Amendment claim is barred by the statute of limitations.

Claims brought pursuant to 42 U.S.C. § 1983 are subject to the state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). The statute of limitations for a personal injury action in Pennsylvania is two years. 42 Pa.C.S.A. § 5524. A cause of action accrues when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. Sameric Corp. of

6

Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). Assuming the truth of the facts in his Amended Complaint, Mangan did not know that Fisher had entered his property without a warrant on July 15, 1998. According to a state court pleading that Mangan attached to the Amended Complaint, however, Mangan clearly knew of the alleged warrantless entry and seizure by September 24, 2001.[3] See Appellant's Appdx. at 125. In the "Answer, New Matter, and Counterclaim," filed in Commonwealth of Pennsylvania v. Mangan, C0048cv000008279, on September 24, 2001, Mangan specifically alleges that "Dean Fisher . . . entered onto Respondent's farm on July 15, 1998, and, without Respondent's knowledge, consent, or concurrence, removed soil from his farm." Appellant's Appdx. at 156. Thus, the two year limitations period began at the latest on September 24, 2001, and it expired on September 24, 2003. Mangan's civil rights complaint, dated March 21, 2007, was filed over three years too late.

We have thoroughly reviewed Mangan's remaining arguments on appeal and find them to be meritless. Accordingly, we will affirm the judgment of the District Court.

---

[3] In evaluating a Rule 12(b)(6) motion, the court may consider documents attached to the complaint. See Gould v. Electronics Inc. v. United States, 220 F.3d 169, 176 n.6 (3d Cir. 2000).